# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

ALLEN R. WILLIAMS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 16-4007-MWB
(No. CR 10-4083-MWB)

**OPINION AND ORDER REGARDING PETITIONER'S MOTION FOR REINSTATEMENT OF APPEAL RIGHTS**

_____

    This case is before me on petitioner Allen R. Williams's April 2, 2018, *pro se* Motion To Reopen Motion For Reinstatement Of Appeal Right. Williams argues that his Motion is not a "second or successive" *habeas* motion pursuant to 28 U.S.C. § 2255, because he is not challenging his conviction or sentence, but only seeking reinstatement of his right to appeal, citing *Vu v. United States*, 648 F.3d 111 (2d Cir. 2011) (per curiam). Therefore, he requests that this court reopen his "motion" in this civil case and allow him to proceed with an appeal.

    In *Vu*, the Second Circuit Court of Appeals held that a petitioner who had *previously* filed a *habeas* motion to seek reinstatement of his right to a direct appeal, owing to his trial counsel's failure to file an appeal as directed, was not barred from filing a *habeas* motion challenging the legality of his sentence or conviction. 648 F.3d at 114. The court held that the later merits challenge was not a "second or successive" motion under AEDPA and that it did not require leave of the court of appeals. *Id.* Although the Eighth Circuit Court of Appeals does not appear to have addressed that issue, other Circuit Courts of Appeals agree with the conclusion in *Vu*. *See, e.g., Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011) (describing this as the majority rule); *In*

*re Olabode*, 325 F.3d 166, 173 (3d Cir. 2003). I have not found any published appellate decision, however, addressing the reverse situation, like the one presented here, where the second *habeas* motion is the motion seeking reinstatement of appeal rights.[1] Even so, the unpublished decision on appeal in this case addresses that situation.

Williams wants to "reopen" his motion captioned Motion For Reinstatement Of Appeal Right Pursuant To Title 28 U.S.C. Section 2255 in this case, Case No. C 16-4007-MWB. In his Motion For Reinstatement, Williams alleged that his appellate counsel in his criminal case never informed him of his right to file a petition for re-hearing by the Eighth Circuit Court of Appeals or his right to file a petition for a writ of certiorari to the Supreme Court after the Eighth Circuit Court of Appeals affirmed his conviction. In this case, I dismissed Williams's Motion For Reinstatement on the ground that it was a "second and successive" § 2255 Motion, where Williams had previously filed a § 2255 Motion alleging ineffective assistance of counsel in numerous ways, none of which related to failure to file petitions for further review, as requested. On June 20, 2016, the Eighth Circuit Court of Appeals denied Williams's petition for a certificate of appealability of my ruling and, on October 6, 2016, that court denied authorization to file a "second or successive" *habeas* motion. Thus, the Eighth Circuit Court of Appeals has rejected Williams's contention that his Motion For Reinstatement Of Appeal Right is

---

[1] I believe that a *habeas* motion seeking reinstatement of appeal rights filed *after* a *habeas* motion challenging a defendant's conviction or sentence *should* count as a "second or successive" *habeas* petition. Such a motion does not serve the "remedial" purpose of presenting the defendant's claims first on direct appeal, thus avoiding procedural default when those claims are presented in a *habeas* motion, where the opportunity to appeal was lost only because of ineffective assistance of counsel or some other circumstance beyond the control of the defendant. Rather, such a motion would simply allow the defendant to assert a *claim* that had been overlooked on direct appeal and in the defendant's first *habeas* motion challenging his conviction or sentence on the merits.

not a "second or successive" *habeas* motion, when it was filed *after* a *habeas* motion challenging his conviction and sentence on the merits. Williams did not seek rehearing before the Eighth Circuit Court of Appeals or file a petition for a writ of certiorari to the Supreme Court on the denial of his Motion For Reinstatement Of Appeal Right, although he was clearly aware of his right to do so.

Where the Eighth Circuit Court of Appeals has already considered and rejected the argument Williams now asserts, I have no authority to revisit or overturn the appellate court's decision.

THEREFORE, petitioner Allen R. Williams's April 2, 2018, *pro se* Motion To Reopen Motion For Reinstatement Of Appeal Right (docket no. 13) is **denied**, and no certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 4th day of April, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA